IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT JACKSON,            *
        Plaintiff

                           *        CIVIL ACTION NO. WDQ-13-1008

v.
                           *

BOBBY SHEARIN, et al.,
        Defendants         *
                         ******

MEMORANDUM

Pending is Defendant Bobby Shearin's Motion to Dismiss, or in the alternative Motion for

Summary Judgment. ECF No. 13. The Plaintiff has responded.[1] ECF No. 15.  Upon review of the

papers and exhibits filed, the Court finds an oral hearing in this matter unnecessary. *See* Local Rule

105.6 (D. Md. 2011). For the reasons stated below, the Defendant's motion will be granted.

Background

On April 4, 2013, the Plaintiff, an inmate presently incarcerated at the Western Correctional

Institution, filed a self-represented complaint stating that in October of 2011, while housed within the

Division of Corrections, the water pipes burst making toilets and sinks inoperable.  The Plaintiff

states that he advised Correctional Officers Shubuwe and Walker[2] that he needed water due to a

---

[1] The Plaintiff has also filed a Motion to Appoint Counsel. ECF No. 17.  A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).  Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.* Upon careful consideration of the motions and previous filings by the Plaintiff, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so.  The issues pending before the Court are not unduly complicated.  Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under §1915(e)(1).

[2] The Defendants Shubuwe and Walker have not been served with the Complaint.  For the reasons that follow, the Plaintiff's complaint against them shall be dismissed.

1

medical condition which required he drink water regularly throughout the day. The Plaintiff states that his requests were ignored. ECF No. 1.

Defendant Shearin indicates that in October of 2011, the Plaintiff was housed at the North Branch Correctional Institution ("NBCI") but that on October 24, 2011, he was housed at the Jessup Correctional Institution ("JCI") due to a scheduled court proceeding. ECF No. 13, Ex. 1-2. On that date, a water main burst, interrupting the water supply to the entire JCI facility and causing damage to the valves and diaphragms. *Id.* Ex. 1-3. All maintenance staff at JCI were employed to assist in making repairs, beginning in the housing units. *Id.* The Plaintiff was returned to NBCI on October 25, 2011. *Id.*, Ex. 1-2.

The Plaintiff filed an Administrative Remedy Procedure ("ARP") asserting that while housed at JCI staff failed to provide him with sufficient amounts of drinking water. *Id.*, Ex. 1-4. In his ARP, the Plaintiff claimed to suffer from an unspecified medical condition which required him to "virtually drink water all day long." He stated that he informed two officers that he had a serious medical condition and needed water but the officers refused to address his requests. He did not indicate how he was injured. The ARP investigator reviewed the Plaintiff's medical records and determined that the Plaintiff did not suffer from a serious medical condition which required him to drink water all day. Finding that the ARP lacked in merit, the investigator dismissed it. *Id.* Plaintiff noted an appeal. *Id.*, Ex. 1-5. The Plaintiff's claims were again investigated and medical personnel interviewed. They indicated that after reviewing the Plaintiff's medical records he did not suffer from a medical condition which required him to consume water all day. The investigation further revealed that during the plumbing crisis at JCI, water was brought to the housing tiers. The Plaintiff's appeal was subsequently dismissed. *Id.*, Ex. 1-5.

The Plaintiff indicates that he has been diagnosed as suffering from renal failure. ECF No. 15, Ex. 1. He further indicates that "one of the specific course of treatment recommended for [him] was that he routinely consume plenty of water." *Id.*, Ex. 1-2.

At the time of the events complained of, Defendant Shearin was the Warden of NBCI and had no authority or control over JCI. ECF No. 13, Ex. 3.

### Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion, "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v.*

3

*Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

A.    Respondeat Superior

Plaintiff's complaint against Warden Shearin is based solely upon the doctrine of *respondeat superior,* which does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983). Liability of supervisory officials must be "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001), citing *Slakan v. Porter*, 737 F. 2d

4

368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). Plaintiff has pointed to no action or inaction on the part of Warden Shearin that resulted in a constitutional injury, and accordingly, his claims against him shall be dismissed.

B.    Eighth Amendment

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called "punishment," and absent severity, such punishment cannot be called "cruel and unusual." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991).

To establish a sufficiently culpable state of mind, there must be evidence that a known

excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson*, 501 U. S. at 298. In other words, "the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. North Carolina Dept. of Corrections,* 612 F.3d 720, 723 (4th Cir. 2010), quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002). Conduct is not actionable under the Eighth Amendment unless it transgresses bright lines of clearly-established pre-existing law. *See Maciariello v. Sumner*, 973 F. 2d 295, 298 (4th Cir. 1992).

The objective prong of a conditions claim requires proof of an injury. "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of a serious or significant physical or emotional injury resulting from the challenged conditions. *See Odom v. South Carolina Dept. of Corrections*, 349 F. 3d 765, 770 (4th Cir. 2003).

Here, the Plaintiff alleges that he was denied any water. He claims that it was necessary he drink water regularly to "fight off the chronic renal deficiency he was experiencing." ECF No. 15. There is no dispute that the disruption to the water supply occurred on October 24, 2011, and that the Plaintiff was transferred from JCI to NBCI the following day. The Plaintiff has provided a Chronic Care Visit note from January of 2011 which states he "was informed and encouraged to have plenty of water." ECF No. 15, Ex. 1, p. 2. Other medical notes closer in time to the incident make no reference to increasing fluid intake. *Id.* In response to his ARP, however, the Plaintiff's medical providers indicated to the ARP investigator that the Plaintiff does not suffer from a serious medical

6

condition which would require him to drink water throughout the day.   ECF No. 13, Exs. 1-4; 1-5. Assuming the Plaintiff was to have access to water throughout the day, he has nonetheless failed to allege, much less demonstrate, any injury resulting from the alleged denial of drinking water.[3] In his opposition, he claims vaguely that the denial of water caused him injury in "the perpetuation of the conditions that caused him to have chronic renal failure." ECF No. 15.  Such an injury is wholly unsubstantiated; the denial of unlimited drinking water for one day did not perpetuate his illness.  As such, the Plaintiff's claims against Defendants Shubuwe and Walker shall be dismissed.

For the reasons stated, summary judgment is granted in favor of the Defendant Shearin and the complaint is dismissed as to Defendants Shubuwe and Walker.  A separate Order shall be entered in accordance with this Memorandum.

Date:___5/22/14___

_____
William D. Quarles, Jr.
United States District Judge

---

[3] Although not offered in the record before the Court, one would presume the Plaintiff was provided liquids with his daily meals.